PIPER *v.* PIPER.

INJUNCTION—ABUSE OF PROCESS.

A complainant who, four days before he was entitled to the
possession of land, obtained an injunction restraining a
tenant from cutting certain immature crops, which the latter
had a clear right to harvest at any time within the four days,
is not in position to assert in equity his right to the crops
after the four days have expired.

Appeal from Kalamazoo; Buck, J. Submitted January 12, 1900. Decided January 23, 1900.

Bill by Hilton E. Piper against Henry W. Piper to restrain the cutting and removal of certain crops. From a decree for complainant, defendant appeals. Reversed.

*Dorr O. French* (*Samuel W. Oxenford,* of counsel), for complainant.

*Osborn, Mills & Master,* for defendant.

HOOKER, J. George Piper died testate on May 30, 1891, and his will was duly probated. His widow and son Henry W. Piper were given letters testamentary. The third clause of the will was as follows:

"And it is my will that my son Hilton E. shall not come into possession and control of the said land until he shall have attained the full age of thirty years, and, in case of his death before arriving at said age of thirty years, then said land shall descend to his said children, if any, and, if he should have no children, then the said land shall go to my son Henry W. Piper."

On August 3, 1892, all of the heirs executed a lease to the widow of all the land belonging to the estate for the term of her natural life, with the following limitation:

"Except the last-described piece or parcel of land,

which said party of the second part hereby expressly agrees to yield up and deliver to said Hilton E. Piper upon his arrival at the age of thirty years."

She took possession, and subsequently Henry W. Piper worked the place under an arrangement with her, and put in the crop of wheat in dispute, for his own benefit, in the fall of 1897. Hilton E. Piper was born on June 27, 1868. On June 23, 1898, he filed the bill of complaint herein, and obtained a preliminary injunction restraining the defendant, Henry W. Piper, from cutting and removing the crops then growing upon the premises. The bill prayed an injunction, and contained the usual prayer for general relief. On June 29th a stipulation was filed permitting the defendant to harvest the wheat upon filing a bond to turn over the wheat, or pay the market price thereof, at the election of the complainant, if the cause should ultimately be decided in favor of the complainant. Upon a hearing, the testimony being taken in open court, it was decreed that the complainant was entitled to relief as prayed in the bill, and it was further adjudged that the defendant perform the condition of his bond by paying the value thereof within 30 days, and that it be referred to a commissioner to determine and report the value. The defendant has appealed.

It appears to be conceded by counsel for the complainant that the widow acquired a valid estate under the lease made by the heirs, which gave her the right to hold the land until June 27, 1898, the date when complainant would become 30 years old, unless such estate should be sooner terminated under the will by reason of his death. They claim, however, that upon that date the right to the possession, and all crops then growing thereon, would belong to the complainant. On the other hand, the defendant's counsel say that the estate was one of necessarily uncertain duration, and that the widow and her tenant were, therefore, entitled to emblements. We find it unnecessary to pass upon the question of the right to emblements. If it be admitted that the complainant would be-

come entitled to the land and all growing thereon upon the 27th of June, it is equally true that the defendant was entitled to the possession and full use of the premises up to that time. As he was under no obligation to plant that his successor might reap, he was not required to refrain from cutting for the successor's benefit. If not entitled to ripen his crop, he was at least entitled to it in its immature condition, for such uses as he might choose to make of it. While the bill does not, in terms, so state, it must have been filed upon the theory that the complainant had a right to have the crop left to ripen for his benefit, if it would not ripen before the 27th. It is difficult to conceive of any other excuse for granting a preliminary injunction. Yet we fail to find that claim made in the brief. The complainant has made use of the process of the court to prevent the cutting of the wheat during the few remaining days left to the defendant to cut it, although the defendant's right to cut it is plain. Whether this was an intentional abuse of process or not, the effect is the same. A court of equity will not countenance a claim based on so inequitable a procedure.

The decree is reversed, and bill dismissed, with costs of both courts.

The other Justices concurred.